FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

HUENG YU WONG,

    Defendant - Appellant.

No. 22-1161
(D.C. No. 1:18-CR-00104-CMA-GPG-1)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **BACHARACH** and **EID**, Circuit Judges.
_____

Hueng Yu Wong pled guilty to two counts of conspiracy to manufacture and possess with intent to distribute one thousand or more marijuana plants. The district court granted the government's request to vary downward from the advisory sentencing guidelines range of 120 to 121 months, and sentenced Mr. Wong to 84 months in prison. Although his plea agreement contained a waiver of his appellate rights, he filed a notice of appeal. The government then filed a motion to enforce the appeal waiver.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Wong's counsel filed a response to the motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating her belief that "[n]o non-frivolous legal arguments exist on which to challenge the validity or enforceability of the appeal waiver in Appellant's plea agreement." Resp. to Mot. at 9 (boldface omitted). Counsel also filed a motion to withdraw. We gave Mr. Wong the opportunity to file a pro se response to show why the appeal waiver should not be enforced. His response was initially due on September 29, 2022, and we sua sponte extended the deadline to October 11, 2022, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within" the waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). The government argues that all three of these conditions are met in this case.

Consistent with our obligation under *Anders*, we conducted an independent review of the proceedings. *See* 386 U.S. at 744. After doing so, we agree that it would be frivolous to oppose the government's motion under *Hahn*. We therefore grant the government's motion and dismiss the appeal. We also grant counsel's motion to withdraw.

Entered for the Court
Per Curiam

2